IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN ZALKIN, | ) | CASE NO. 8:09CV96 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| COVENTRY HEALTH CARE OF NEBRASKA, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion for Remand and Motion for Attorney Fees and Costs for Improper Removal (Filing No. 12), submitted by Plaintiff Steven Zalkin ("Zalkin"), and the Motion to Dismiss (Filing No. 13), through which the Defendant Coventry Health Care of Nebraska, Inc. ("Coventry"), asks the Court to dismiss Zalkin's state-law claims under Fed. R. Civ. P. 12(b)(6), arguing that they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1461, and should therefore be recharacterized as a claim for equitable relief under Section 502(a)(1)(B) of ERISA.  (29 U.S.C. § 1132(a)(1)(B)).

Coventry has responded in opposition to Zalkin's Motion to Remand, and Zalkin has not responded to Coventry's Motion to Dismiss.  For the reasons stated below, Zalkin's Motion to Remand will be denied; Coventry's Motion to Dismiss Zalkin's state-law claims will be granted; and Zalkin's state-law claims will be recharacterized as a claim for equitable relief under 29 U.S.C. § 1132(a)(1)(B).

## FACTS

Zalkin brought this action in the District Court of Douglas County, Nebraska, on February 10, 2009.  (Complaint, Filing No. 1-2).  In his Complaint, Zalkin alleges that he is a principal in, and owner of, Alamar Corp. ("Alamar"), a Nebraska corporation.  (*Id*., ¶ 1). Zalkin alleges that Coventry issued a "Group Policy" of health insurance for Alamar, and that Zalkin was an insured and beneficiary under the policy.  (*Id*., ¶¶ 2-3).  In May 2008, Coventry allegedly denied coverage to Zalkin for an autologous stem cell transplant

needed for the treatment of Castleman disease. (*Id.*, ¶ 4). Zalkin contends that Coventry's decision was made in bad faith, not supported by substantial evidence, and erroneous as a matter of law. (*Id.*, ¶ 7). In the Complaint, Zalkin seeks a declaratory judgment, declaring his right to coverage for the autologous stem cell transplant, and judgment in the amount of $126,322.00, representing the amount he allegedly expended for the medical procedure, plus general damages, and attorney fees and costs, under the legal theory that Coventry's refusal to pay was wrongful, made in bad faith, a breach of contract, and/or a breach of fiduciary duty. (*Id.*, ¶¶ 11-16).

Coventry removed Zalkin's action to this Court on March 16, 2009, asserting that Zalkin's claims arise under ERISA, giving this Court original, federal-question jurisdiction. (Notice of Removal, Filing No. 1, ¶¶ 4, 6-8). Zalkin contends that the action should be remanded to state court because Coventry's removal of the action was untimely, and because his claims do not arise under ERISA. Specifically, Zalkin notes that he is a principal and owner of Alamar, and he "and his wife have no other portions of any pension plan, profit sharing arrangement, or retirement benefits in common with any of the employees of the company." (Motion to Remand, Filing No. 12, ¶ 4). Coventry has submitted evidence in opposition to the Motion to Remand (Filing No. 17-2), demonstrating that in May of 2008 Alamar's Group Health Plan provided coverage for at least two Alamar employees in addition to Zalkin and his wife. (*Id.*, Declaration of Dawn Mosbrucker, Coventry Business Manager for Enrollment and Eligibility, ¶¶ 2-5).

## STANDARD OF REVIEW

The party opposing a motion to remand has the burden of establishing federal subject matter jurisdiction. *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002). Remand is proper if federal jurisdiction is in doubt, as removal jurisdiction implicates significant federalism concerns and must be construed strictly. *In re Bus. Men's Assurance Co. of Am.,* 992 F.2d 181, 183 (8th Cir. 1993).

2

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the Complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . " *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

## DISCUSSION

### *Was Coventry's Removal Timely?*

Zalkin contends that Coventry's answer to the Complaint was due on March 11, 2009, and that Coventry's March 16, 2009, Notice of Removal was untimely. (Motion to Remand, Filing No. 12, ¶ 3 and Plaintiff's Brief, Filing No. 10, p. 2 (citing 28 U.S.C. § 1446(b))). The record before this Court shows that Coventry was served with the Complaint on February 12, 2009. (Filing No. 1, Notice of Removal, ¶ 2). Because 2009 was not a Leap Year, February, 2009 had 28 days only. The thirtieth day following service of the Complaint was March 14, 2009, a Saturday. The Notice of Removal was filed on the next business day, Monday, March 16, 2009. The Court concludes that the Notice of Removal was timely filed. See Fed. R. Civ. P. 6(a)(3).

### *Should the Court Recharacterize Zalkin's State-Law Claims as a Claim for Equitable Relief under ERISA?*

In general, the issue of whether a federal court has removal jurisdiction over claims

originally filed in state court is determined from the face of the plaintiff's well-pleaded complaint as it stands at the time of removal. *M. Nahas & Co. v. First Nat'l Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991). Federal jurisdiction is not apparent from the face of Zalkin's Complaint.

"Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court." *Metropolitan Life Ins. Co., v. Taylor*, 481 U.S. 58, 63 (1987). "One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id*. Claims pre-empted by ERISA and coming within the scope of 29 U.S.C. § 1132(a) are claims "necessarily federal in character by virtue of the clearly manifested intent of Congress." *Id.* at 67.

Zalkin adamantly asserts that he has "**NO VALID CLAIM PURSUANT TO ERISA**." (Plaintiff's Brief, Filing No. 10, p. 3). Specifically, Zalkin contends that he lacks standing as a plaintiff under ERISA, because he is a principal in and an owner of Alamar, and he and his wife have a pension plan, profit sharing arrangement, and other retirement benefits separate from Alamar employees. (Motion to Remand, Filing No. 12, ¶ 4). Zalkin relies on the Supreme Court's decision in *Yates v. Hendon*, 541 U.S. 1 (2004), in which the Court concluded that working owners of a company and their spouses qualify as plan participants under ERISA, *if* the plan also covers non-owner employees. *Id*. at 21. "Courts agree that if a benefit plan covers only working owners, it is not covered by [ERISA]." *Id*., n.6.

Absent from Zalkin's Complaint, his Motion for Remand, and his Brief in Support of the Motion, is any information regarding whether he is an employee of Alamar Corp., and whether Alamar Corp. employees other than himself and his wife were also covered by the

4

Group Policy.

Zalkin's Complaint does allege that he "was an insured and beneficiary" under the Group Policy issued by Coventry. (Complaint, Filing No. 1-2, ¶ 3). The Group Policy document attached to the Complaint states: "To be eligible for Coverage as a Member You must: . . . Be an employee of the Group." (Filing No. 1-3, p.14). The "Group" is the "organization or firm contracting with the Health Plan to arrange health care services for Members and their Dependents . . . ." (*Id.*, p. 83). The Court infers, therefore, that Zalkin was at the relevant time an employee of Alamar.

Uncontroverted evidence from Coventry demonstrates that, at the relevant time, Alamar employees other than Zalkin and his wife were also covered under the Group Plan. (Filing No. 17-2, Declaration of Dawn Mosbrucker, ¶ 5). Zalkin filed no brief or index of evidence in response to Coventry's Motion to Dismiss; nor did Zalkin file any reply brief or index of evidence in response to Coventry's Brief in Opposition to the Motion to Remand, and the Mosbrucker Declaration.

As Coventry rightly observes, under ERISA, an "employee welfare benefit plan" is defined as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits." 29 U.S.C. § 1002(1)(A). In *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52 (1987), the Supreme Court held that ERISA's civil enforcement provisions, codified at 29 U.S.C. § 1132(a), are "the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." The U.S. Court of Appeals for the Eighth Circuit "has consistently held that state law causes of action are completely preempted by ERISA when they 'arise from the administration of benefits.'" *Fink v. Dakotacare*, 324 F.3d 685, 689 (8th Cir. 2003). "When a complaint pleading only state law claims that are

preempted by ERISA is removed to federal court, one or more of the claims must be 'recharacterized' as an ERISA claim to establish federal jurisdiction." *Id*.

A federal district court is not *required* to recharacterize a plaintiff's state-law claims and accept jurisdiction, however, even if it appears that the state-law claims will be dismissed upon remand because of ERISA preemption. See *Roberts v. BJC Health Sys*., 452 F.3d 737, 739 (8th Cir. 2006). A district court's decision to remand a case to state court is not reviewable on appeal. *Id*. (citing 28 U.S.C. § 1447(d)).

While this Court could remand the matter to the state court for a determination of the preemption defense, that course of action would be inconsistent with the intent of Congress, the guidance of the Supreme Court, and the conservation of the resources of the courts and the parties. Coventry has met its burden of demonstrating that Zalkin's state-law claims are preempted under ERISA, and that this Court has original subject matter jurisdiction over the claims, recharacterized as a claim for equitable relief under 29 U.S.C. § 1132(a)(1)(B).

Accordingly,

IT IS ORDERED:

1. The Plaintiff Steven Zalkin's Motion to Remand and Motion for Attorney Fees & Costs for Improper Removal (Filing No. 12) is denied;

2. The Defendant Coventry Health Care of Nebraska, Inc.'s Motion to Dismiss the Plaintiff's state law claims (Filing No. 13) is granted;

3. The Plaintiff Steven Zalkin's state law claims are dismissed and recharacterized as a claim for equitable relief under 29 U.S.C. § 1132(a)(1)(B); and

4. The Defendant Coventry Health Care of Nebraska, Inc., will respond to the Complaint on or before June 8, 2009.

DATED this 22nd day of May, 2009.

s/ Laurie Smith Camp

United States District Judge